UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WARREN R. COLEMAN, II,

    Plaintiff,

            CASE NO.:

vs.

AMERICAN AIRLINES, INC.

    Defendant.

## COMPLAINT

Plaintiff, WARREN R. COLEMAN, II (hereinafter referred to as the "Plaintiff" and/or "Coleman"), by and through his attorney, sues the Defendant, AMERICAN AIRLINES, INC., (hereinafter referred to as the "Defendant" and/or "AMERICAN"), and alleges as follows:

### *INTRODUCTION*

1. Plaintiff brings this claim to remedy discrimination based upon his Race (African-American), Age, Sex, Disability, Violation of Civil Rights of Employee With HIV+, as well as wrongful termination.

### *JURISDICTION AND VENUE*

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 2000E; 5(f), Title VII; Age Discrimination Act 29 U.S.C. §§ 621-634; and Americans with Disabilities Act of 1990,

§ 2 et seq., 42 U.S.C.A. § 12101 et seq.

3. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. § 2000e-2(a) because they arise out of the same case or controversy, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2002, and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. § 200035(k) and Fed. R. Civ. P. 42, Title 10 U.S.C. § 2409, et seq. and Fla. Stat. § 448.101-105.

5. This action lies on the Southern District of Florida, Miami Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. Plaintiff received his Right to Sue Letter from the EEOC dated May 30, 2019 and has complied with all conditions precedent to the filing of this suit. (See Attached Exhibit 1, Dismissal and Notice of Rights).

## *PARTIES*

7. Coleman is an African-American male and was a long term valued employee for American Airlines. He held the position of Flight Attendant since 1991, twenty seven (27) years. He is an employee as that term is used in Title VII, Age Discrimination, Wrongful Termination and Disability Act and the Violation of Civil Rights of Employee with HIV+.

8. The Defendant, American Airlines, Inc., is a American Airlines, Inc. (AA) is a major American airline headquartered in Fort Worth, Texas, with a business hub in Miami-Dade County, Florida. American is an employer as that term is used in Title VII, Age Discrimination, Wrongful Termination and Disability Act and the Violation of Civil Rights of Employee with HIV+.

2

## FACTS

9. Plaintiff was previously employed by American beginning October, 1991 until his termination of employment on November 19, 2018. Coleman was employed by American for 27 years as a Flight Attendant. His work base was located at the Miami International Airport, 2100 NW 42 Avenue, Miami, Florida 33126.

10. During 1996, Coleman, on his own volition, admitted that he had a substance abuse problem with cocaine. Coleman sought medical attention through American. On November 26, 1996, Coleman entered into an Agreement for Conditional Reinstatement with American. American agreed to reinstate Coleman's employment provided all conditions that were outlined in the conditional reinstatement agreement be met to the 100% satisfaction of American. (See Attached Exhibit 2, Agreement for Conditional Reinstatement).

11. Coleman fully addressed his chemical dependency and completed all phases required;

> Successful completion of the approved rehabilitation program;
> Withdrew his appeal of termination;
> Submitted to random drug testing; and
> Submitted to random medical examinations.

12. Coleman was reinstated for employment as a Flight Attendant on November, 1996.

13. Coleman's reinstatement came with the following requirements:

> Minimum of two (2) year compliance of the conditions of the aftercare/monitoring program;
> 24 months with Intergrated Health Care Systems which required one aftercare meeting each week;
> Attendance of four (4) self-help AA/NA meetings per week for twenty four (24) months;
> Obtain a sponsor and actively work the steps of self-help;
> Contact his EAP Representative once every two weeks for two years;
> Submit to urinalysis and/or breathalyzer testing; and

Complete abstinence from any alcohol or narcotic.

14. Additionally, for his employment reinstatement, Coleman was required to sign the following letter, written by American, "I, Warren Coleman, Emp # 335520, submit my letter of resignation from employment due to personal reasons. I hereby ask the Company to waive the two (2) week notification period. (See Attached Exhibit 3, Letter of Resignation).

15. At the time of the signing of the resignation letter, Coleman was instructed not to fill in the date but to leave it blank, which he did.

16. On October 31, 2018, Coleman attended Elevate training seminar held at the Crowne Plaza Hotel near the Miami International Airport. This seminar was a non-safety training and for marketing purposes. During their lunch break, Coleman and others attending the seminar, consumed either beer or wine at the hotel bar during breaks.

17. Coleman admitted that he purchased two beers from the bar for himself and three additional alcoholic beverages for others. (See Attached Exhibit 4, Crowne Plaza Bar Receipts).

18. On November 16, 2018, Coleman was advised that his employment was being terminated based on the conditional reinstatement signed by Coleman twenty two (22) years earlier.

19. Coleman witnessed other employees who consumed alcoholic beverages during breaks at the seminar but he was the only employee terminated for consuming two beers during the entire day during breaks.

20. Under information and belief gleaned from other American employees, Coleman maintains that since January, 2018, employees who are reinstated for work for drug related issues such as the one Coleman suffered from are no longer required to sign an undated termination letter.

21. Coleman believes that he was fired because he is a sixty five (65) year old Black homosexual man with HIV+.

22. Coleman suffered financial losses due to his unlawful termination.

## COUNT I
### (Violation of Title VII - Race Discrimination)

23. Plaintiff incorporates by reference, as if fully set forth herein paragraphs 1 though 22 above.

24. Coleman is an African-American male and a former employee of American.

25. Coleman is qualified to perform the duties of his position as Flight Attendant and he performed his flight attendant duties in a more than satisfactory manner.

26. American failed to consistently apply the same rules for all employees that attended the non-safety training and for marketing purposes seminar.

27. American discriminated against Coleman in the terms and conditions of his employment on the basis of his race in violation of the Title VII of the Civil Rights Act of 1964. American chose not to discipline any of the other employees who also consumed alcoholic beverages during the seminar.

28. Coleman is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

WHEREFORE, Plaintiff, demands judgment against Defendant, American, for back pay, employment benefits, other compensation including bonuses, compensatory damages, liquidated damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as

this Honorable Court deems proper.

## COUNT II
### (Violation of Age Discrimination in Employment Act)

29. Plaintiff incorporates by reference, as if fully set forth herein paragraphs 1 through 28, above.

30. Coleman is an African-American male who was employed by American for twenty seven (27) years as a flight attendant.

31. Coleman is qualified to perform the duties of his position as Flight Attendant and he performed his duties in a more than satisfactory manner.

32. Coleman was sixty five (65) years old at the time of his termination by American..

33. American dusted off a twenty two (22) year old, no longer used, conditional reinstatement agreement to terminate Coleman because he consumed two beers during breaks in a non-safety marketing seminar, while other younger employees who also consumed alcoholic beverages during lunch and breaks at a non-safety, marketing seminar were not disciplined.

34. American's explanation of Coleman's termination was because of Coleman's breach of the twenty two (22) year old no longer used conditional reinstatement agreement as pretext to his termination.

35. Coleman is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

WHEREFORE, Plaintiff, demands judgment against Defendant, American, for back pay, employment benefits, other compensation including bonuses, compensatory damages, liquidated damages, punitive damages, equitable relief including but not limited to reinstatement and/or front

pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT III
### (Sex Discrimination)

36. Plaintiff incorporates by reference, as if fully set forth herein paragraphs 1 through 35, above.

37. Coleman is an African-American male who was employed by American for twenty seven (27) years as a flight attendant. It was well known to American that Coleman is a homosexual male.

38. Coleman is qualified to perform the duties of his position as Flight Attendant and he performed his duties in a more than satisfactory manner.

39. Coleman maintains that male and female employees who attended the seminar and consumed alcoholic beverages during the seminar were not disciplined for their consumption while he was terminated for consuming two beers during the seminar.

40. American dusted off a twenty two (22) year old, no longer used, conditional reinstatement agreement to terminate Coleman because he consumed two beers during breaks in a non safety related marketing seminar, while other employees who also consumed alcoholic beverages during breaks were not terminated or disciplined.

41. American's explanation of Coleman's termination was because of the conditional reinstatement agreement as pretext to his termination.

42. Coleman is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

7

WHEREFORE, Plaintiff, demands judgment against Defendant, American, for back pay, employment benefits, other compensation including bonuses, compensatory damages, liquidated damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV
### (ADA Discrimination)

43. Plaintiff incorporates by reference, as if fully set forth herein paragraphs 1 through 42, above.

44. Coleman is a qualified individual within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12111(8), in that Plaintiff has a disability, HIV Positive.

45. American is an "employer" and a "covered entity" under the ADA, 42 U.S.C.A. § 12111.

46. Prior to Coleman's termination, Coleman was an employee of American under the ADA, 42 U.S.C.A. § 12111(4).

47. Prior to and at the time of his termination, Coleman was qualified for employment as a flight attendant.

48. On November 19, 2018, Coleman was terminated in violation of the ADA due to plaintiff's disability. 42 U.S.C.A. § 12112(a).

WHEREFORE, Plaintiff, demands judgment against Defendant, American, for back pay, employment benefits, other compensation including bonuses, compensatory damages, liquidated damages, punitive damages, equitable relief including but not limited to reinstatement and/or front

pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT V
### (Violation of Civil Rights of Employee with HIV+)

49. Plaintiff incorporates by reference, as if fully set forth herein paragraphs 1 through 48, above.

50. Coleman is a person who suffers from the Human Immunodeficiency Virus [HIV].

51. On or around October 1991, Coleman was hired as a Flight Attendant for American Airlines.

52. Approximately ten years ago, Coleman filed for family medical leave which required him to submit all of his medical records and to permit American to contact his doctors regarding his illness.

53. Coleman satisfactorily performed his assigned duties as a flight attendant for American.

54. Under information and belief, Coleman asserts that American knew of his HIV+ when he filled out his request for medical family leave.

55. On or around on or around December 10, 2018, Coleman signed and filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) Charge No. 450-2019-01285, alleging that he had been unlawfully discharged because of his disability, in violation of the Americans with Disabilities Act (ADA), Florida Civil Rights Act (FCRA), and the County Human Rights Act. (See Attached Exhibit 5, Coleman's Charge of Discrimination).

9

Richard Lee Ruben, Esq.

56. On or around May 30, 2019, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue. (See Attached Exhibit 1, Dismissal and Notice of Rights).

57. Plaintiff has exhausted all administrative remedies.

58. All conditions precedent to the institution of this action have either occurred or been waived.

WHEREFORE, Plaintiff, demands judgment against Defendant, American, for back pay, employment benefits, other compensation including bonuses, compensatory damages, liquidated damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT VI
*(Violation of Florida Statutes § 760.50 Unlawful Termination of Plaintiff Because of Coleman's HIV+ Status)*

59. Coleman incorporates by reference, as if fully set forth herein paragraphs 1 through 58, above.

60 Coleman further states that this is an action against American for discrimination because of Plaintiff's HIV+ status in violation of F.S. § 760.50, Discrimination on the basis of AIDS, AIDS-related complex, and HIV+.

61. Florida Statutes § 760.50(3)(b), Discrimination on the basis of AIDS, AIDS-related complex and HIV prohibited, provides that:

> No person may...discharge any individual, segregate or classify any individual in any way which would deprive or tend to deprive that individual of employment

10

Richard Lee Ruben, Esq.

opportunities or adversely affect his or her status as an employee, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment on the basis of knowledge or belief that the individual has taken a human immunodeficiency virus test or the results or perceived results of such test unless the absence of human immunodeficiency virus infection is a bona fide occupational qualification of the job in question.

62. Likewise, F.S. § 760.50(6)(a) provides that:

Any person aggrieved by a violation of [§ 760.50] shall have a right of action in the circuit court and may recover for each violation:

"1. Against any person who violates a provision of this section, liquidated damages of $1,000 or actual damages, whichever is greater.

"2. Against any person who intentionally or recklessly violates a provision of this section, liquidated damages of $5,000 or actual damages, whichever is greater.

"3. Reasonable attorney's fees.

"4. Such other relief, including an injunction, as the court may deem appropriate."

63. On or around November 19, 2018, American discriminated against Coleman on the basis of their respective and collective knowledge and/or belief that Plaintiff was HIV+ by terminating Plaintiff's employment.

64. Defendant's violations of F.S. § 760.50 were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the State of Florida.

65. Pursuant to F.S. § 760.50(6)(a), Plaintiff is entitled to reasonable attorneys' fees and

11

costs if he is the prevailing party in this action.

WHEREFORE, Plaintiff demands judgment against Defendant, American, for back pay, employment benefits, other compensation including bonuses, compensatory damages, liquidated damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

COUNT VII
(Violation of Florida Statutes § Violation of Florida Civil Rights Act, F.S. § 760.10(1)(a)
Unlawful Termination of Plaintiff Because of His Handicap)

66. Coleman incorporates by reference, as if fully set forth herein paragraphs 1 through 65, above.

67. Coleman further states that this is an action against American for violation of the Florida Civil Rights Act, F.S. §§ 760.01 et seq.

68. The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer:

> [t]o discharge…any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's…handicap…

F.S. § 760.10(1)(a).

74. At all times relevant to this action, as an individual who was HIV+, Plaintiff was an aggrieved person within the meaning of Florida Statutes § 760.02(10).

69. At all times relevant to this action, Coleman was an individual covered by the FCRA

costs if he is the prevailing party in this action.

WHEREFORE, Plaintiff demands judgment against Defendant, American, for back pay, employment benefits, other compensation including bonuses, compensatory damages, liquidated damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

COUNT VII
(Violation of Florida Statutes § Violation of Florida Civil Rights Act, F.S. § 760.10(1)(a)
Unlawful Termination of Plaintiff Because of His Handicap)

66. Coleman incorporates by reference, as if fully set forth herein paragraphs 1 through 65, above.

67. Coleman further states that this is an action against American for violation of the Florida Civil Rights Act, F.S. §§ 760.01 et seq.

68. The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer:

> [t]o discharge…any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's…handicap…

F.S. § 760.10(1)(a).

74. At all times relevant to this action, as an individual who was HIV+, Plaintiff was an aggrieved person within the meaning of Florida Statutes § 760.02(10).

69. At all times relevant to this action, Coleman was an individual covered by the FCRA

pursuant to F.S. § 760.10(1)(a) in that he suffered from a handicap, HIV+, at all times relevant to this action.

70. American, at all times relevant to this action, had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

71. American was, at all times relevant to this action, an employer within the meaning of F.S. § 760.02(7).

72. Coleman's handicap was a motivating factor in American's decision to terminate Coleman's employment, in violation of F.S. § 760.10(1)(a).

73. American's treatment of Coleman was sufficiently severe and pervasive that it altered the terms, conditions, and privileges of Coleman's employment with American.

74. American's violations of F.S. § 760.10(1)(a) were intentional and were done with malice and reckless disregard for Coleman's rights as guaranteed under the laws of the State of Florida. As such, Coleman is entitled to punitive damages against American pursuant to F.S. § 760.11(5).

75. Pursuant to F.S. § 760.11(5), Plaintiff is entitled to recover all attorneys' fees from American as the prevailing party in this action.

76. Plaintiff demands for each cause of action set forth above and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

77. Plaintiff demands a trial by jury on all issues so triable by jury.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

(a) Directing Defendant to reinstate Plaintiff's employment with Defendant and to place Plaintiff's salary adjustment that he would have been paid but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received, including but not limited to, wages, pension, and other lost benefits;

(b) Awarding Plaintiff front pay;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

(e) Granting such other and further relief as the Court deems just and proper in the premises.

Dated this 22nd day of August, 2019

Respectfully submitted,

/s/Richard Lee Ruben
Richard Lee Ruben
10761 S.W. 104 Street
Miami, Florida 33176
Richard@rubenlaw.net
Telephone: 305.598.1133
Facsimile: 786.453.5326
Attorney for the Plaintiff
WARREN R. COLEMAN, II